NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DIVX, LLC,**
*Appellant*

**v.**

**NETFLIX, INC.,**
*Appellee*

---

2022-1481

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2020-00614.

---

Decided:  April 18, 2023

---

NATHAN NOBU LOWENSTEIN, Lowenstein & Weatherwax LLP, Santa Monica, CA, argued for appellant.  Also represented by PARHAM HENDIFAR, KENNETH J. WEATHERWAX.

HARPER BATTS, Sheppard Mullin Richter & Hampton LLP, Menlo Park, CA, argued for appellee.  Also represented by JEFFREY LIANG, CHRISTOPHER SCOTT PONDER; MARK CHRISTOPHER FLEMING, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA.

---

Before PROST, CHEN, and STARK, *Circuit Judges*.

CHEN, *Circuit Judge*.

Patent Owner DivX, LLC (DivX) appeals a decision by the Patent and Trial Appeal Board (Board) determining that claims 1–6, 9, 10, and 13–19 of U.S. Patent No. 7,295,673 are unpatentable under 35 U.S.C. § 103 over a combination of U.S. Patent Nos. 5,574,785 (Ueno); 7,151,832 (Fetkovich); and 6,957,350 (Demos). DivX timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(4)(A). Because we adopt the Board's constructions of "frame decryption stream" and "frame [encryption/decryption] function" and determine that substantial evidence supports the Board's factual findings, we *affirm*.[1]

We agree with the Board's claim constructions. First, we conclude, as did the Board, that "frame decryption stream" includes periodic transmissions of frame decryption information. Nothing in the claims, specification, or prosecution history requires the frame decryption information to be sent with each corresponding encrypted frame in a 1:1 correspondence, and nothing precludes the frame decryption information from being interleaved periodically with the encrypted frames. Although DivX emphasizes the amendments and prosecution history related to claims 14 and 15, we are not persuaded that those amendments limit "frame decryption stream" as DivX suggests.[2]

---

[1]    DivX withdrew its arguments regarding the scope of Netflix's petition and secondary considerations. Oral Arg. at 26:40–27:15.

[2]    DivX does not dispute that the prior art discloses "frame decryption stream" under the Board's construction. *See* Appellant's Br. 27–52.

Second, the parties agree that the term "frame [encryption/decryption] function" means "specifying the location, by layout or offset, of a portion in a frame to which encryption is applied." Appellant's Br. 52; Appellee's Br. 44. But the parties disagree as to whether "specifying the location, by layout or offset" includes specifying the location with frame substructures such as slices and macroblocks. Appellant's Reply Br. 20–24; Appellee's Br. 50–63. DivX argues that slices and macroblocks do not have fixed locations within a compressed frame, and thus cannot specify a location. Appellant's Reply Br. 20–24. We, however, agree with the Board that the scope of the claim includes specifying locations, by layout or offset, using slices or macroblocks. Nothing in the claims, specification, or prosecution history requires the specified "location" to be a fixed location within a frame. Accordingly, we adopt the Board's constructions of "frame decryption stream" and "frame [encryption/decryption] function."

Turning to the Board's factual findings, we hold that substantial evidence supports the Board's determination that Fetkovich discloses "frame [encryption/decryption] function" and "data field size." The Board's findings are supported by Fetkovich's disclosure specifying particular slices and macroblocks to be encrypted in a frame, as well as the testimony of Netflix's expert. Fetkovich col. 3 ll. 4–14, col. 5 l. 9 – col. 6 l. 65; J.A. 452–53 ¶¶ 155–56. Thus, the Board's factual findings are supported by substantial evidence.

We have considered DivX's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the Board's decision.

**AFFIRMED**